IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 2, 2010

## ROBERT LEE ADAMS, JR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Tipton County**
**No. 5340     Joseph H. Walker, Judge**

---

**No. W2009-01120-CCA-R3-PC   -   Filed March 9, 2010**

---

Petitioner, Robert Lee Adams, was convicted by a Tipton County Jury of possession of a Schedule II controlled substance with the intent to deliver and simple possession of a Schedule VI controlled substance.  As a result, he was sentenced as a Range II, multiple offender to a fourteen-year sentence.  This Court affirmed Petitioner's convictions on appeal. *State v. Robert Lee Adams, Jr.*, No. W2007-00880-CCA-R3-CD, 2008 WL 2152497 (Tenn. Crim. App., at Jackson, May 22, 2008), *perm. app. denied,* (Tenn. Dec. 8, 2008).  Petitioner subsequently sought post-conviction relief on various grounds, including ineffective assistance of counsel.  After a hearing, the post-conviction court dismissed the petition. Petitioner filed a timely notice of appeal.  We have reviewed the record and conclude that Petitioner has failed to show that he received ineffective assistance of counsel.  Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Jeff Lee, Somerville, Tennessee, for the appellant, Robert Lee Adams, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Elizabeth Rice, District Attorney General, and Tyler R. Burchyett, Assistant District Attorney General for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

The facts that gave rise to Petitioner's underlying convictions were summarized by this Court on direct appeal:

On December 22, 2005, Deputy Brandon Williams of the Tipton County Sheriff's Department, while on routine patrol in Covington, observed a car parked inside a bay at the Ripley Car Wash. He also observed a truck parked beside the car. From the deputy's view, the car did not appear to have a license plate, and neither vehicle was "being washed." The deputy then observed Michael Means, "a known drug user," exit the truck and enter the back seat of the car. Means remained in the car for only seconds and then exited. Williams, who suspected that he had witnessed a drug transaction, turned his patrol car around, but, "before [he] could get back, both vehicles took off." Williams observed the Appellant's vehicle and pursued it. From his position behind the vehicle, Williams could not see the "drive out tag in the back window, due to the tint and the crinkling of the tag." Williams activated his blue lights and observed the Appellant stop his vehicle at a stop sign at Union and East Liberty Streets. According to Williams, "[w]hen [the Appellant] stopped, he took back off, and he appeared to be stuffing something either in the side [door] of the car or down his pants." The Appellant proceeded to stop his vehicle a short distance later, and Williams approached the car. According to Williams, the Appellant was "nervous and didn't really want to answer [his] questions." A passenger was also in the vehicle.

Deputy Williams asked the Appellant for consent to search the vehicle, and the Appellant agreed. Based upon the Appellant's "nervousness and his movement in the vehicle before he was stopped," Williams conducted a pat-down search of the Appellant. During the pat-down, the deputy felt a "small bulge" in the Appellant's left pocket, which felt like "powder." Williams believed the substance to be cocaine. When he asked the Appellant what was in his pocket, the Appellant stated "money." Williams then retrieved several balls of a white powder substance and also discovered two bags of marijuana. At some point during this encounter, the Appellant stated to Williams, "well, you got me." When Williams asked the Appellant what was in the bags he had seized, the Appellant replied, "[c]ocaine and weed." Testing later determined that the substances were 3.7 grams of cocaine and 5

grams of marijuana. The value of the cocaine was approximately $400. No drug paraphernalia was found in the vehicle or on the Appellant's person.

On July 10, 2006, a Tipton County grand jury returned a two-count indictment charging the Appellant with possession of a Schedule II controlled substance, cocaine, over .5 grams, with intent to deliver, a Class B felony, and possession of marijuana, a Class A misdemeanor. The Appellant filed a motion to suppress, arguing that the pat-down search was illegal. After a hearing, the Appellant's motion to suppress was denied. Following a January 17, 2007 jury trial, the Appellant was found guilty of the indicted charges. He was subsequently sentenced, as a multiple offender, to fourteen years for the Class B felony and to eleven months and twenty-nine days for the misdemeanor conviction. After the trial court denied his motion for new trial, the Appellant filed the instant timely appeal.

*Robert Lee Adams, Jr.*, 2008 WL 2152497, at *1-2. On appeal, this Court determined that: (1) the trial court properly denied Petitioner's motion to suppress; (2) the evidence was sufficient to support the felony drug conviction, specifically the element of intent to deliver; and (3) the trial court erred in allowing the testimony of the TBI forensic agent regarding the average weight of cocaine which she typically tests in a cocaine prosecution case but the introduction of the evidence was harmless. *Id*. at *6-7.

Subsequently, Petitioner filed a pro se petition for post-conviction relief. Petitioner argued that he received ineffective assistance of counsel, including that trial counsel was ineffective for failing to call witness Tony Dye, a passenger in Petitioner's car at the time of the traffic stop that led to Petitioner's arrest.

The post-conviction court held a hearing on the petition. At the hearing, trial counsel testified that he was retained to represent Petitioner at trial. According to trial counsel, the only witnesses Petitioner had mentioned from the traffic stop were Deputy Williams and Michael Means. Trial counsel did not recall Petitioner mentioning that Mr. Dye was a passenger in Petitioner's car at the time of the traffic stop. Trial counsel remembered that there was a passenger in the car but did not think that he knew the passenger's name and recalled that there were no witness statements in the discovery he received from the State.

Trial counsel recalled the details of the hearing on the motion to suppress. Trial counsel filed the motion to suppress because the ground for the stop was a bad "drive-out tag" that "turned out not to be bad." According to trial counsel, the only witness was the officer who initiated the traffic stop. Petitioner was unsuccessful on the motion to suppress. At trial, Mr. Dye was not called as a witness. After the trial, trial counsel filed an appeal on

Petitioner's behalf. Trial counsel raised the issue of the traffic stop on appeal because he thought it was a "pretty good issue for appeal." Trial counsel was under the impression that the pat-down of Petitioner performed by the officer was bad because the officer "didn't testify as to any reasons why he felt unsafe around [Petitioner]." Trial counsel acknowledged that the Court of Criminal Appeals disagreed with his reasoning on appeal.

Prior to the sentencing hearing, Petitioner and trial counsel discussed the possibility of Petitioner's testimony. They agreed that Petitioner would not testify "though he did write a statement in the sentencing report." Trial counsel felt that Petitioner's statement was acceptable and helped Petitioner with his "preference" not to testify.

Trial counsel did not remember Petitioner having provided a list of potential witnesses for the sentencing hearing. Petitioner's wife was present but was not called as a witness. The strategy was to focus on the appeal and make the trial court aware that Petitioner had a drug problem.

Trial counsel recalled that the State filed a notice of enhancement prior to trial and that Petitioner was found to be a multiple offender. Trial counsel admitted that he did not object to Petitioner's sentence on the basis of *Blakely v. Washington*, 542 U.S. 296 (2004).

On cross-examination, trial counsel admitted that he did not know why Mr. Dye was not called as a witness at the suppression hearing. Further, trial counsel felt that calling additional witnesses could have hurt the proof. The strategy of the case was for Appellant to admit that Petitioner had drugs on his person, but to argue that the drugs were for his own personal use rather than for the purpose of a sale. In other words, trial counsel wanted to highlight Petitioner's drug problems.

Petitioner testified at the hearing that Mr. Dye was in his car at the time of the traffic stop and that Petitioner talked to Mr. Dye about wanting him to testify at trial. Petitioner claimed that he asked trial counsel to call Mr. Dye as a witness but that trial counsel told him not to "worry about that right now." Petitioner also claimed that trial counsel advised Petitioner not to testify at the sentencing hearing because "[his] past would hurt [him]." Petitioner did not understand trial counsel's argument because, according to Petitioner, all of his past problems were "because of [his] drug addiction."

Petitioner recalled that there were no defense witnesses at the sentencing hearing presented to discuss his drug problem. Petitioner admitted on cross-examination that his statement from the presentence report contained an admission of his guilt and his drug problems. Further, Petitioner admitted that his presentence report accurately chronicled his past convictions.

Tony Dye testified at the post-conviction hearing. Mr. Dye admitted that he was a passenger in Petitioner's car at the time of his arrest and that he witnessed the exchange between Petitioner and Deputy Williams. Mr. Dye could not remember why the car was pulled over and thought that Petitioner was searched by the officer but claimed that he "can't remember" other details. Mr. Dye remembered that Petitioner refused to let the officer search the car but could not remember if the car was searched. Mr. Dye claimed that his memory was "fresher now" than at the time of the events "because back then [he] was getting high." Mr. Dye admitted on cross-examination that he was high at the time of the traffic stop.

Mr. Dye did not remember any discussions with Petitioner about the possibility of testifying. Mr. Dye was unaware of the suppression hearing and was not called to testify at trial. In fact, he claimed that he was never contacted by trial counsel.

Petitioner also called Latosha Jane Burns to testify at the post-conviction hearing. Ms. Burns was Petitioner's girlfriend and is the mother of his child. Ms. Burns testified that Petitioner used drugs "lots of times" and used to stay out all night and spend all of their money on drugs. Ms. Burns paid to retain trial counsel and did not remember being asked to testify. Ms. Burns would have testified about Petitioner's drug problems if asked.

Bonnie Adams, Petitioner's mother, also testified at the post-conviction hearing. Ms. Adams was not present at the sentencing hearing and claimed that she did not know about the hearing until it was over. Ms. Adams stated that she would have been willing to testify in Petitioner's behalf. Ms. Adams had never seen Petitioner do drugs but had been told that he had a drug problem.

The post-conviction court dismissed the petition for relief. In a written order, the post-conviction court determined that Petitioner: (1) "failed to show how failure to call Mr. Dye at the suppression hearing caused prejudice to [P]etitioner;" (2) "failed to show his counsel was deficient by not calling witnesses at sentencing, or prejudice from the failure to call witnesses;" and (3) failed to show that counsel was deficient for failing to object to an enhanced sentence or "what counsel should have done at sentencing to prevent an enhanced sentence." Further, the post-conviction court determined that Petitioner's argument that his conviction was "gained due to an unconstitutional search and seizure" was previously determined.

Petitioner filed a timely notice of appeal, seeking a review of the post-conviction court's dismissal of the petition for post-conviction relief.

*Analysis*
*Post-Conviction Standard of Review*

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Shields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*Ineffective Assistance of Counsel*

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994).

This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

On appeal, Petitioner complains that trial counsel was ineffective because he failed to present witnesses "vital to the defense of the case." Additionally, Petitioner claims that trial counsel failed to present testimony at the sentencing hearing that "would have demonstrated the need for rehabilitation rather than an enhanced sentence of incarceration." Petitioner claims that he was prejudiced by trial counsel's ineffectiveness because the trial court was "denied the ability to consider all material facts." The State contends that Petitioner is unable to demonstrate deficient performance or prejudice.

At the post-conviction hearing, Petitioner called Mr. Dye to testify with regard to the traffic stop. There was a suppression hearing prior to trial, and Petitioner pursued the suppression issue on appeal. The denial of the motion to suppress was upheld on appeal. *Robert Lee Adams, Jr.*, 2008 WL 2152497, at *2-4. Mr. Dye testified at the post-conviction hearing that he was unable to recall any facts that would have aided Petitioner at a suppression hearing. The post-conviction court determined that Petitioner had failed to establish prejudice by trial counsel's failure to call Mr. Dye as a witness. We agree. Mr. Dye's testimony at the post-conviction hearing was that his memory was "fresher now" than at the time of the search and he could not remember much other than that Petitioner refused a search of the car. As noted by the post-conviction court, Petitioner's issue resulted from a challenge of the search of his person, not the search of the car. Petitioner is not entitled to relief on this issue.

Petitioner also complains on appeal that he received ineffective assistance of counsel as a result of trial counsel's failure to call witnesses at the sentencing hearing that would have testified about his drug use and need for rehabilitation. The State again contends that Petitioner has failed to satisfy his burden on appeal.

At the post-conviction hearing, Petitioner presented the testimony of several witnesses who confirmed that Petitioner had a drug problem. Trial counsel testified that he discussed with Petitioner whether he should testify at the sentencing hearing. Petitioner made the decision not to testify but instead wrote a statement for the presentence report. Trial counsel denied that Petitioner prepared a list of potential witnesses for the sentencing hearing.

The post-conviction court determined that the trial court was made well-aware of Petitioner's drug problem by the presentence report and that Petitioner has failed to show that

he was prejudiced by counsel's failure to call witnesses at the hearing. Petitioner has not shown what, if anything, would have been gained by the witnesses's testimony and how trial counsel could have prevented an enhanced sentence. The record supports the post-conviction court's determination. Petitioner in this case has failed to establish by clear and convincing evidence that he is entitled to post-conviction relief on the basis of ineffective assistance of counsel.

The post-conviction court also addressed a claim by Petitioner wherein Petitioner argued that he received ineffective assistance of counsel because trial counsel failed to object to an enhanced sentence, in other words, a challenge to Petitioner's sentence on the basis of *Blakely v. Washington*, 542 U.S. 296 (2004). Petitioner does not raise this claim on appeal, therefore, it is waived.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

---

JERRY L. SMITH, JUDGE